UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| TERRENCE WILLIS, ) | |
|    Plaintiff, ) | |
| ) | |
| vs. ) | No. 20-3058 |
| ) | |
| CAMERON WATSON, et. al., ) | |
|    Defendants. ) | |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a *pro se* prisoner, claims Warden Cameron Watson, Chief Engineer James Robinson, Grievance Officer Tara Goins, and Administrative Review Board Member Patty Thull violated his constitutional rights at Western Illinois Correctional Center. Plaintiff's 45-page complaint and 28-page supplement with exhibits provide a detailed account of continued problems obtaining "hot water in the showers and wash basins." (Comp., [1], p. 7; Ex. [7]). Day-after-day, the water would be "barely lukewarm in the early morning hours" and then become "progressively cooler" until it was "freezing cold." (Comp, [1], p. 6). Plaintiff has provided copies of multiple grievances

1

complaining about the water problems. (Comp., [1]; Ex.,[7]). He was repeatedly informed maintenance was aware of the problem and working on it, but the cold water continued. (Comp, [1], Ex. p. 16-45; Ex. [7], p. 2-29). Plaintiff claims the problem persisted from May of 2017 through February of 2018.

To establish an Eighth Amendment claim based living conditions, Plaintiff must allege a denial of "the minimal civilized measure of life's necessities" such as a denial of a basic human need including food, medical care, sanitation, or physical safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Rhodes v. Chapman,* 452 U.S. 337,347(1981). Courts have consistently held "[p]risoners do not have a constitutional right to hot water under the Eighth Amendment." *Hopkins v. Klindworth*, 556 Fed.Appx. 497, 499 (7th Cir. 2014); *see also Lopez v. Robinson,* 914 F.2d 486, 492 (4th Cir.1990) ("[I]t suffices to say that there is no clearly established, sufficiently contoured, right to hot showers in prison."); *Mann v. Smith*, 796 F.2d 79, 85(5th Cir. 1986)("district court correctly assumed that there is no constitutional right to hot water…"); *Smith v. Romer*, 1997 WL 57093, at *2 (10th Cir. Feb. 11, 1997) (holding that a claim based on "the need for hotter water" did not "satisfy the objective prong of the Eighth Amendment test"); *Ellis v. Pierce Cty.*, 415 Fed.Appx. 215, 218 (11th Cir. 2011) (holding that the denial of hot water for a pretrial detainee was not a sufficiently extreme deprivation to establish an unconstitutional condition of confinement); *see also Thomas v. Weaver*, 2019 WL 4933622, at *1 (S.D.Ill. Oct 7, 2019)("a week without hot water amounts to an inconvenience and nothing more."); *Story v. Oklahoma County*, 2017 WL 7310060, at *4 (W.D.Okla. Dec. 29, 2017)("federal courts of appeals generally have found that the denial of hot water does not constitute a

sufficiently serious deprivation of life's basic necessities…"); *Radford v. Marshall*, 2015 WL 9827735, at *12 (S.D.Ala. Dec. 10, 2015)("courts have consistently found that the Constitution does not mandate hot showers for inmates as a necessity to life."); *Carter v. Dawson,* 2014 WL 4275477 at *18 (E.D.Cal. Aug. 29, 2014) (Finding no clearly established right to hot showers in prison and noting "[o]nly extreme deprivations can be characterized as punishment prohibited by the Eighth Amendment."); *Brooks v. Daniels*, 2012 WL 5866453, at *2 (W.D. Ky. Nov. 19, 2012)(" lack of hot water in some cells does not rise to the level of a constitutional violation."); *Kennedy v. Gusman,* 2007 WL 1302554, at *3 (E.D.La. May 2, 2007)("even if (pretrial detainee's) allegations are true regarding the lack of hot water for showers, there appears to be no support for a proposition that prisoners have a constitutional right to hot showers.").

Plaintiff also alleges during the summer, there were gnats in the showers along with "black larvae worms" and increasing green and black mold. (Comp., p. 8). For the purpose of notice pleading, it is possible Plaintiff may be able to state an Eighth Amendment claim based on this allegation. However, since the focus of Plaintiff's complaint was the lack of hot water, it is unclear which Defendants were specifically aware of this problem and failed to take action. Therefore, the Court will give Plaintiff time to file an amended complaint clarifying this allegation only.

Plaintiff's amended complaint must stand complete on its own and musts not refer to his previous filings. Plaintiff should not attach exhibits, but instead provide a short and plain statement of his claim involving the insects and mold in the showers. *See* Fed.R.Civ.P. 8. Plaintiff should clarify the time frame and location of the living

conditions as well as the involvement of the Defendants.  Plaintiff must file his amended complaint within 21 days of this order, or his case will be dismissed with prejudice.

    IT IS THEREFORE ORDERED:

    1) Plaintiff's complaint is dismissed for failure to state a claim upon which relief can be granted as well as a violation of Rule 8 of the Federal Rules of Civil Procedure.

    2) Plaintiff may file a proposed amended complaint within 21 days of this order or on or before July 10, 2020.  If Plaintiff does not file an amended complaint on or before July 10, 2020, or fails to follow the Court's instructions, his case will be dismissed with prejudice.

    3) Plaintiff must immediately notify the Court in writing of any change in his address or telephone number. Failure to provide this information could lead to the dismissal of Plaintiff's lawsuit.

    4) The Clerk is to provide Plaintiff with a blank complaint form and reset the internal merit review deadline within 21 days of this order.

Entered this 18th day of June, 2020.

                              s/ James E. Shadid
                          _____
                                JAMES E. SHADID
                         UNITED STATES DISTRICT JUDGE