UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| TERRENCE WILLIS,         )<br>   Plaintiff,         )<br>                          )<br>vs.                       )<br>                          )<br>CAMERON WATSON, et. al.,  )<br>   Defendants.       )  | No. 20-3058 |

CASE MANAGEMENT ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for consideration of Plaintiff's Motion for Leave to File a Late Response. [15]. For the following reasons, the motion is GRANTED. [15].

I. BACKGROUND

Plaintiff's initial complaint was dismissed for failure to state a claim upon which relief can be granted as well as a violation of Rule 8 of the Federal Rules of Civil Procedure. *See* June 18, 2020 Merit Review Order. Plaintiff's complaint alleged problems with his living conditions at Western Illinois Correctional Center. Based on his pleading, it did not appear Plaintiff could articulate a constitutional violation due to a lack of hot water. *See* June 18, 2020 Merit Review Order, p. 2-3, *citing Hopkins v. Klindworth*, 556 Fed.Appx. 497, 499 (7th Cir. 2014)( [p]risoners do not have a constitutional right to hot water under the Eighth Amendment."); *Lopez v. Robinson,* 914 F.2d 486, 492 (4th Cir.1990) ("[I]t suffices to say that there is no clearly established, sufficiently contoured, right to hot showers in prison."); *Mann v. Smith*, 796 F.2d 79, 85(5th Cir. 1986)("district court correctly assumed that there is no constitutional right to

1

hot water…"); *Smith v. Romer*, 1997 WL 57093, at *2 (10th Cir. Feb. 11, 1997) (holding that a claim based on "the need for hotter water" did not "satisfy the objective prong of the Eighth Amendment test"); *Ellis v. Pierce Cty.*, 415 Fed.Appx. 215, 218 (11th Cir. 2011) (holding that the denial of hot water for a pretrial detainee was not a sufficiently extreme deprivation to establish an unconstitutional condition of confinement).

However, the Court found it was possible Plaintiff might be able to state a constitutional violation based on his vague claim concerning gnats, "black larvae worms," and black mold in the showers. *See* June 18, 2020 Merit Review Order, p. 3, *quoting* (Comp., p. 8). Therefore, Plaintiff was given additional time to file an amended complaint if he believed he could clarify this claim.

Plaintiff instead filed a motion to reconsider providing additional information and arguing the Court should allow him to proceed with his water claim. Plaintiff was advised he should include this information in his amended complaint and extended the deadline for Plaintiff to comply. See October 2, 2020 Text Order.

Plaintiff then filed a motion requesting additional time, which was granted by the Court. *See* December 4, 2020 Text Order. Plaintiff was given until December 28, 2020 to file his proposed complaint.

Plaintiff filed his Motion for Leave to File a Late Response on December 31, 2020 noting a lockdown and staffing shortages prevented him from meeting the deadline. [15]. Plaintiff has included a proposed Amended Complaint with his motion. Plaintiff's motion is granted. [15].

II. MERIT REVIEW

The Court is still required by 28 U.S.C. §1915A to "screen" the Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff's amended complaint identifies the same four Western Illinois Correctional Center Defendants including Warden Cameron Watson, Chief Engineer James Robinson, Grievance Officer Tara Goins, and Administrative Review Board Member Patty Thull.

Plaintiff says for ten months from May of 2017 to February of 2018 water temperature throughout his housing units was "freezing." (Amd. Comp., p. 7). Plaintiff then details repeated complaints to correctional officials who claimed maintenance was working on the problem. However, Plaintiff says at best, the water temperature would briefly rise to "lukewarm" before plummeting again. (Amd. Comp., p. 6).

Plaintiff filed grievances, talked to officers in his housing unit, and complained directly to the Warden to no avail. Defendant Maintenance Supervisor Robinson responded to some of Plaintiff's grievances claiming the water heaters were checked daily and repaired when needed. (Amd. Comp., p. 32, 39, 55).

Plaintiff also claims the John Howard Association toured Western Illinois Correctional Center during this time and Plaintiff has provided a portion of their report noting "[i]nmates also report that there is typically no hot water for showers…" and

needed repairs were not done. (Amd. Comp, p. 30). The report also stated administrators had requested funding for upgrades but had to wait for authorization.

Plaintiff next alleges the showers were infested with gnats, black larvae worms, and green and black mold during the summer months. Plaintiff claims there were so many gnats and worms, he was unable to take a shower without the insects landing on him. These conditions persisted for at least six months. Plaintiff also filed complaints and spoke to various corrections officials about the problem. Plaintiff was informed the buildings were sprayed monthly, porters cleaned the area daily, and cleaning supplies were available. Plaintiff says it was not his responsibility to clean the showers and he disputes the area was regularly sprayed for insects.

As previously noted, Plaintiff must allege a denial of "the minimal civilized measure of life's necessities" such as a denial of a basic human need including food, medical care, sanitation, or physical safety to state a violation of his Eighth Amendment rights. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Rhodes v. Chapman*, 452 U.S. 337,347(1981). The Court has also noted cases which have found a lack of hot water does not rise to this level. However, the Seventh Circuit has also indicated an "adverse condition of confinement, if endured over a significant time, can become an Eighth Amendment violation even if it would not be impermissible if it were only a short-term problem." *Knight v. Wiseman,* 590 F.3d 458, 463 (7th Cir. 2009). In addition, "[s]ome conditions of confinement may establish an Eighth Amendment violation in

combination when each alone would not do so." *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016). Therefore, for the purposes of notice pleading, Plaintiff has alleged a violation of his Eighth Amendment rights based on his living conditions including an extended period without hot water as well as insects and mold in the showers.

Plaintiff has demonstrated Defendants Warden Watson and Chief Engineer James Robinson knew about his complaints, and each failed to take appropriate action. However, Defendant Robinson is only involved in Plaintiff's complaints concerning hot water. Plaintiff has not alleged he was responsible for shower conditions.

In addition, Plaintiff has not clearly articulated a claim against Grievance Officer Goins and Administrative Review Board Member Thull. There is no plausible inference that either was responsible for Plaintiff's living conditions and "[r]uling against a prisoner on an administrative complaint does not cause or contribute to the violation." *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007). In addition, the grievance officer did investigate Plaintiff's claims and the officer was told correctional staff was addressing the issues.

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the amended complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges Defendants Warden Watson and Chief Engineer James Robinson violated his Eighth Amendment rights based on his living conditions including ten months without hot water and several months with insects and mold in the showers. The claim is stated against the Defendants in their individual capacities only. Any additional claims shall not be included in

5

the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) **Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.**

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Grant Plaintiff's Motion for Leave to File a Late Response and file the attached, amended complaint. [15]; 2) Dismiss Defendants Tara Goins and Patty Thull for failure to state a claim upon which relief can be granted pursuant to by 28 U.S.C. §1915A; 3) Attempt service on Defendants pursuant to the standard procedures; 4) Set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines; and 5) Enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act**

ENTERED this 23rd day of February, 2021.

s/ James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE